IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONSHAY JONES, | § | |
|     Movant, | § | |
| | § | |
| v. | § | No. 3:20-cv-781-K |
| | § | No. 3:14-cr-111-K-1 |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Donshay Jones's motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. (Doc. 2.) For the following reasons, Jones's motion will be dismissed without prejudice.

### Background

Jones pleaded guilty to carjacking under 18 U.S.C. §§ 2119 and 2 (count one) and using, carrying, and brandishing a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c)(1)(A)(ii) (count two). He was sentenced to a total aggregate term of 168 months' imprisonment. (Crim. Doc. 92.) Jones appealed to the Fifth Circuit Court of Appeals. The Fifth Circuit affirmed this Court's judgment. (Crim. Docs. 102, 103.)

On March 31, 2020, Jones filed a motion to appoint counsel. (Crim. Doc. 108.) On April 2, 2020, the motion was construed as a § 2255 motion, and a separate civil action was opened. (Crim. Doc. 109.)

**Discussion**

On April 3, 2020, Jones was directed to complete the appropriate court-approved § 2255 form raising all claims he intended to address in his § 2255 case. (Doc. 3 at 2.) Thereafter, on April 28, 2020, the Court received Jones's motion seeking additional time to file an amended motion. (Doc. 4.) The motion was granted on April 30, 2020, and he was given 60 days to file his amended motion. (Doc. 5.) Jones never filed his claims on the appropriate § 2255 form, and he also never filed an amended motion. On September 17, 2020, the Court, acting *sua sponte*, gave Jones an additional 30 days to comply with the Court's orders. However, he failed to make any response, and the time for doing so has long since passed. Therefore, this case will be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Here, this litigation cannot proceed because Jones failed to put all of his claims on the appropriate § 2255 form.  By failing to do so, Jones has not prosecuted this case, and he also has failed to obey a court order.  Dismissal without prejudice is warranted under these circumstances, and the Court will dismiss Jones's motion without prejudice under Rule 41(b).

## Conclusion

For the foregoing reasons, Jones's motion to vacate, set-aside, or correct his sentence under § 2255 is DISMISSED without prejudice.

To the extent that a Certificate of Appealability is necessary, a Certificate of Appealability is DENIED.  The Court finds that Jones has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the [motion] states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

If Jones files a notice of appeal, he must pay the appellate filing fee or submit a motion to proceed *in forma pauperis* and a properly signed certificate of inmate trust account.

SO ORDERED,

Signed January 14th, 2021.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE